**Phillips S. MORALES, et al., Appellants**

v.

**INTELSAT GLOBAL SERVICE LLC, et al., Appellees.**

**No. 13–7011.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 23, 2014.

Lawrence Philip Postol, Seyfarth Shaw LLP, Washington, DC, for Appellants.

Edward Lee Isler, Mark E. Papadopoulos, Wayne A. Schrader, Isler Dare Ray Radcliffe & Connolly, PC, Vienna, VA, for Appellees.

Before: GARLAND, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Appellants, a group of retirees formerly employed by Appellee Intelsat, moved in the district court for reformation of Intelsat's Qualifying Retiree Group Health Plan. Appellants contended that the Summary Plan Description (SPD) had failed to provide them with clear notice of the Plan's terms as required by section 102 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1022, and asked the court to reform the Plan pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3). Concluding that the relevant SPD language was clear, the district court rejected the motion.

We affirm the district court's denial of Appellants' motion for reformation on the alternative ground that, even assuming the SPD violated ERISA section 102, Appellants have failed to show that they are entitled to relief under ERISA section 502(a)(3). *See Skinner v. U.S. DOJ,* 584 F.3d 1093, 1100 (D.C.Cir.2009) ("[T]his court can affirm a correct decision even if on different grounds than those assigned in the decision on review[.]") (internal quotation marks omitted). The Supreme Court has held that the remedies available under section 502(a)(3) are strictly limited to those that "were *typically* available in equity." *CIGNA Corp. v. Amara,* —— U.S. ——, 131 S.Ct. 1866, 1878, 179 L.Ed.2d 843 (2011) (internal quotation marks omitted). Although contract reformation is an equitable remedy, it has long

been reserved for those situations in which the moving party demonstrates that reformation is necessary to either correct a mistake or prevent fraud. *See id.* at 1879–80; *Skinner v. Northrop Grumman Retirement Plan B,* 673 F.3d 1162, 1166 (9th Cir.2012); *Young v. Verizon's Bell Atlantic Cash Balance Plan,* 615 F.3d 808, 818–19 (7th Cir.2010). Appellants have advanced no argument or evidence regarding either requirement. They make no allegation that Intelsat somehow acted fraudulently in promulgating the SPD, and do not attempt to establish that the SPD reflected the sort of mutual mistake that would provide grounds for reformation. *See Skinner,* 673 F.3d at 1166; Restatement (Second) of Contracts § 155 (1979). Accordingly, they have failed to demonstrate any entitlement to the relief they seek.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir.R. 41.